**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>WALKER RIVER PAIUTE TRIBE,<br><br>        Plaintiff-Intervenor,<br><br>    vs.<br><br>WALKER RIVER IRRIGATION DISTRICT,<br>a corporation, et al.,<br>        Defendants. | IN EQUITY NO. C-125-RCJ<br>Subproceedings: C-125-B<br>3:73-cv-00127-RCJ-WGC<br><br><br>**SUPPLEMENTAL CASE<br>MANAGEMENT ORDER<br>(NO. 1)** |

   This matter is before the court on the United States of America's Motion for a Supplemental Case Management Order and Memorandum of Points and Authorities in Support (Doc. # 1772) and the Oppositions thereto. (Doc. ## 1814, 1815, 1816, 1823.) Arguments of counsel on the United States' motion were initially heard on February 7, 2013 (Doc. # 1852), and subsequently on March 13, 2013 (*see* Doc. # 1854).

   The court concluded that the Case Management Order ("CMO") entered on April 18, 2000 (Doc. # B-108) should be amended in certain respects. (Doc. # 1852 at 2,3.) Interested parties were directed to file proposals for revising and supplementing the CMO.

   The court thereafter received proposed supplemental case management orders from the United States of America and from the Walker River Irrigation District. (Docs. # 1849 and # 1850.) Based on those submissions, the court prepared and disseminated a proposed supplemental CMO and scheduled

1  a hearing to discuss the form and content of the document for April 11, 2013. (Doc. # 1855.) The court
2  then received a Joint Response to the [Proposed] Supplemental Case Management Order submitted by
3  the United States of America and the Walker River Irrigation District. (Doc. # 1858.) A final status
4  conference on the proposed supplemental CMO was conducted on April 11, 2013. (*See* Doc. # 1864.)

Upon consideration of the motion, the opposition memoranda and submissions of counsel, and with good cause appearing, the court hereby adopts and enters the following Supplemental Case Management Order ("Supplemental CMO"). This Supplemental CMO updates and supplements the original Case Management Order entered on April 18, 2000. (Doc. # B-108). To the extent this Supplemental CMO changes, modifies or adjusts the CMO, the court finds that such changes are appropriate and within its authority. (CMO at 14 ¶ 19.)

The court enters this Supplemental CMO so that all parties may anticipate the steps and needs associated with this complex litigation so that the court may resolve the parties' claims efficiently, expeditiously and as fairly as possible.

**1.   Modification of Timing of Bifurcation of Claims in C-125-B**

Due to the "enormity and complexity of the issues pending with respect to the First Amended Counterclaims filed by the United States and the Walker River Paiute Tribe," the CMO determined that "some sort of bifurcation would be helpful in processing the action." ( CMO, at 1-2.) Thus, the CMO bifurcated the claims of the Walker River Paiute Tribe ("Tribe") and the claims of the United States of America ("United States") for the benefit of the Tribe (collectively defined as the "Tribal Claims") from all other claims raised by the United States (the "Federal Claims"). (CMO at 2 and 4 ¶1.) The court continues to believe that bifurcation is appropriate and hereby identifies the next steps in an on-going process to streamline litigation, address the merits of the Tribal Claims, move the Tribal Claims and all other claims in C-125-B to resolution, and manage this subproceeding in a manner consistent with the Federal Rules of Civil Procedure.

**2.   Completion of Service**

The United States is in the process of completing service as required by the CMO. (CMO at 4-8 ¶¶ 3-8.) This service effort applies to the litigation of all claims in Subproceeding C-125-B. Although the CMO recognized that additional parties may need to be joined in later phases of this litigation (CMO

2

at 13 ¶14), well over 3,000 parties have now been joined to this case, some 1,100 of whom have expressed an interest to participate by returning an acknowledgment of service and intent to participate. If and when additional parties are joined in the future, the court will address how any such parties will be incorporated into the litigation.

**3.     Phase I:  Motions Contemplated by Federal Rule of Civil Procedure 12 (b)**

The CMO originally divided the proceedings concerning the Tribal Claims into two phases. Phase I consisted of the disposition of "threshold issues as identified and determined by the Magistrate Judge." Phase II was to "involve completion and determination of the merits of all matters relating to [the] Tribal Claims." (CMO at 11 ¶12(a).) The list of threshold issues was not to be finally established until all appropriate parties were joined. (CMO at 9 ¶11.) Participating parties were to submit proposed threshold issues prior to that time and certain participating defendants have done so. (Doc. # 1770-1.)

However, the court has subsequently determined that proceeding with identification and briefing of threshold issues is not necessarily consistent with the Federal Rules of Civil Procedure. Experience has shown that the threshold issue concept does not promote the scope and purpose of Rule 1, *i.e.*, to "secure the just, speedy and inexpensive determination of every action and proceeding." The court has therefore determined identification and briefing of threshold issues should be eliminated and replaced by traditional concepts of dispositive motion practice contemplated by Rule 12(b), as follows:[1]

**a.**     Once the United States and the Tribe have completed service (including publication) and at a date to be identified by the court, defendants shall submit any motion authorized by Rule 12(b) of the Federal Rules of Civil Procedure that they wish to file. Such motions made under Rule 12(b)(1)-(5) shall address all Tribal and Federal Claims asserted by the United States and Tribe in the First Amended Counterclaim of the United States of America (July 31, 1997; Doc. # B-59) and the First Amended Counterclaim of the Walker River Paiute Tribe (Doc. B-58). For motions made under Rule 12(b)(6) or (7), such motions shall address all Tribal and Federal Claims to the extent that such motions apply to any or all such claims.

**b.**     When the court considers establishing the date for commencement of motion practice,

---

[1] Accordingly, ¶¶ 12, 15, 16 and 17 of the CMO are deleted in their entirety.

the Court and the parties will consider how filings can be coordinated so as to minimize redundant or overlapping filings.

   **c.**   When motions are filed, they will be supported by a memorandum of points and authorities as required by LR 7-2(a). Once any such motions have been filed, the court will promptly meet with the parties and determine the briefing schedule(s) for responsive and reply points and authorities, based, in part, on the number of motions filed and the number of issues raised. No responsive and/or reply memoranda to any such motions shall be required until the court conducts a status conference and issues a scheduling order with respect to such motions.

   **d.**   If a defendant contemplates filing a motion that the movant asserts will require the development of discovery by the defendant, the defendant shall file a separate motion seeking leave to conduct discovery in furtherance of a defendant's proposed motion. The motion shall identify with specificity the discovery for which leave is requested.

**4.   Bifurcation**

Except to the extent identified in paragraph 3, above, the Tribal Claims remain bifurcated from the remaining Federal Claims. (CMO at 2.)

**5.   Stay of Litigation**

The CMO directs that once defendants are served, they must file a timely notice of appearance and intent to participate, but that "[n]o answers or other pleading will be required except upon further order of the Magistrate Judge entered thereafter." Answers, discovery and proceedings on the Fourth through Eleventh Claims for Relief in the First Amended Counterclaim of the United States of America (July 31, 1997; Doc. # B-59) shall continue to be stayed until further order of the court. The CMO's provision that "[n]o default shall be taken for failure to appear" is unchanged. (CMO at 12 ¶13.)

**6.   Subsequent Litigation Phases**

Upon completion of Phase I and subject to further orders of the court, the court will address the additional necessary steps that must be taken to address the merits of the Tribal Claims. At a time that the court determines appropriate, the court will address such issues as the timing for filing answers to the Tribal Claims as well as counterclaims/crossclaims, discovery, dispositive motions, and trial. The court will also subsequently address the additional phases of the proceedings necessary to encompass

and address the Federal Claims.

**7.   Motions**

Except as otherwise described in this Supplemental CMO and until further order of the court, no other substantive or dispositive motion shall be filed without leave of court and without a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

**8.   Miscellaneous**

**a.** The court notes that additional supplemental case management orders will likely be required in the future to address further litigation steps in this matter.

**b.** Except as provided for in this Supplemental Case Management Order, the original Case Management Order entered April 18, 2000 (Doc. # B-108), remains in full force and effect.

**IT IS SO ORDERED.**

DATED this 11th day of April, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE