DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Nevada State Bar No. 6875
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 784-5438

Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | IN EQUITY NO. C-125-RCJ |
| Plaintiff, | Subproceedings: C-125-B<br>3:73-CV-00127-RCJ-WGC |
| WALKER RIVER PAIUTE TRIBE, | |
| Plaintiff-Intervenor, | **MOTION FOR <u>EXPEDITED</u><br>RECONSIDERATION OF ORDER<br>(#1968) REGARDING ADMISSION OF<br>GOVERNMENT ATTORNEYS** |
| vs. | |
| WALKER RIVER IRRIGATION DISTRICT,<br>a corporation, et al., | |
| Defendants. | |

The United States of America ("United States"), by and through the United States Attorney for the District of Nevada, respectfully seeks reconsideration of the Court's January 15, 2014, Order ("Order") (ECF No. 1968), in which the Court denied the United States' motion to allow Andrew "Guss" Guarino and David L. Negri to appear on behalf of the United States in this case and to admit such attorneys to the Bar of this Court for the purpose of representing the United States during the period of their employment as federal attorneys (ECF No. 1919). The Court stated that "[b]efore the Court will permit Mr. Negri and Mr. Guarino to practice before this Court, the Court requires a showing that the Nevada admitted Assistant United States Attorneys in our judicial district are

1

incapable of handling this matter." Order at 2. The Court stated no other grounds for denying the motion. The United States respectfully submits that reconsideration is appropriate here because the Order conflicts with Federal law. Congress granted the Attorney General sole authority to determine how litigation under his supervision will be staffed. The Attorney General, through his designees, has exercised that authority by directing attorneys from the Department of Justice, Environment and Natural Resources Division ("ENRD") to represent the United States in the above-captioned litigation. This Court's Order infringes on that authority by directing that only the U.S. Attorney's Office for the District of Nevada may represent the United States in this litigation so long as it is not "incapable of handling" the matter. In so ordering, the Court exceeded its authority and committed clear error. The United States, therefore, respectfully requests that the Court reconsider its Order, and that it grant the United States' underlying motion for admission or otherwise allow Mr. Guarino and Mr. Negri to appear as counsel for the United States.

Further, the United States respectfully requests that the Court expedite its decision on this Motion. The underlying action here was initiated by complaint filed by the United States in 1924 and this subproceeding action of the United States and the Walker River Paiute Indian Tribe ("Tribe") has been the subject of active litigation since 1992. This Court has repeatedly informed the parties that the Court desires to move this subproceeding to resolution. In part to that end, the Court has ordered that all defendants who wish to raise jurisdictional challenges file motions to dismiss by March 31, 2014. Minutes of Proceeding (ECF No.1958). In response, the United States must respond to those motions by May 30, 2014. *Id*. The United States reasonably believes that the anticipated motions will be numerous, that they will raise substantial, complicated questions of law, and that they will require that counsel appearing for the United States have sufficient familiarity with the innumerable circumstances of this litigation that has spanned more than nine decades. Mr. Guarino and Mr. Negri have sufficient familiarity with this case to meet the immediate and long-term needs of the United States associated

with this case and the Court's schedule, but no other trial counsel for the United States has such familiarity. For the United States to fairly and adequately meet the immediate demands of the Court's schedule, the United States must resolve the question of Mr. Guarino and Mr. Negri's appearance as soon as possible. Therefore, the United States respectfully requests that the Court expedite its decision on this Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This subproceeding concerns water rights in the Walker River Basin of Nevada and California and has been on-going for decades. On August 7, 2003, David L. Negri entered his appearance as counsel for the United States (ECF No. 209) and represents the United States' interests concerning water rights asserted on behalf of federal agencies. On December 11, 2012, Andrew "Guss" Guarino entered his appearance as counsel for the United States (ECF No. 1771) and represents the United States' interests associated with the United States' trust obligations to assert water rights on behalf of federally recognized Tribes and specific Tribal individuals. Both Mr. Negri and Mr. Guarino replaced other ENRD counsel who had represented the United States in this subproceeding for many years. Since their entries, both Mr. Negri and Mr. Guarino have appeared regularly before this Court and have effectively and professionally represented the United States.[1]

At a hearing on May 21, 2013, the Court noted that:

> You folks will see in other cases, not in this case, you will see that I am entering orders disapproving Washington, D.C., counsel appearances, in particular in tax cases and in some environmental cases, and insisting upon appearance only by the local U.S. Attorney or adjacent districts of the U.S. Attorney.
> * * * *

---

[1] Mr. Negri is employed by the Department of Justice, Environment and Natural Resources Division ("ENRD"), as part of its Natural Resources Section, and has an office located within the office of the United States Attorney for the District of Idaho in Boise, Idaho. Mr. Guarino is employed by ENRD as part of its Indian Resources Section and is assigned to its Denver, Colorado office. Previous longstanding counsel for the United States, Hank Mershorer and Susan Schneider, were also employed by ENRD and worked from the Washington D.C. and Denver, Colorado offices, respectively.

> You folks are from Denver and from Boise, respectively, and therefore I have no doubt about the ethical standing and the willingness to abide by ethical obligations of the State Bar of Nevada from the counsel that have appeared on the telephone here.
> So these orders – you will not need to be concerned, those orders will not apply in this case at least to the appearances so far.

May 21, 2013, transcript at 12.

At a subsequent hearing on July 25, 2013, the Court mentioned a local rule providing for appearances by government counsel upon motion by the United States Attorney for the District of Nevada and stated, in regards to Mr. Guarino and Mr. Negri, that it "will in fact grant the motion of the local U.S. Attorney to allow you to appear." July 25, 2013, transcript at 7.

On August 7, 2013, the U.S. Attorney for the District of Nevada filed a motion to permit the appearance of Mr. Guarino and Mr. Negri on behalf of the United States during the period of their employment by the United States as attorneys. ECF No. 1919. In that motion, the U.S. Attorney confirmed that Mr. Guarino and Mr. Negri are both attorneys employed by the U.S. Department of Justice. The motion also explained that Mr. Guarino is a member in good standing of the State Bars of Colorado, Utah, and New Mexico, and the Bar of the Navajo Nation, that Mr. Negri is a member in good standing of the State Bars of Idaho, Utah, Colorado, and New Mexico, and that neither has been subject to any disciplinary action by any bar.[2]

---

[2] As a matter of federal statute and regulation, ENRD attorneys are subject to the Nevada rules of professional responsibility insofar as this case is concerned. *See* 28 U.S.C. 530B(a) ("An attorney for the government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State."); 28 C.F.R. 77.4(a) ("A government attorney shall, in all cases, comply with the rules of ethical conduct of the court before which a particular case is pending."). Notably, however, while "Section 530B requires Department [of Justice] attorneys to comply with state and local federal court rules of professional responsibility," the statute "should not be construed in any way to . . . interfere with the Attorney General's authority to send Department attorneys into any court in the United States." 28 C.F.R. 77.1(b). Nor is it to be interpreted to require DOJ attorneys to comply with any "statute, rule, or regulation requiring licensure or membership in a particular state bar." 28 C.F.R. 77.2(h)(3).

4

On January 15, 2014, the Court issued an Order denying the motion to appear. ("Order") (ECF No. 1968). In that Order, the Court noted that Nevada Local Rule IA 10-3 provides for the appearance of any nonresident attorney employed by the United States "unless otherwise ordered by the Court." Order at 2. The Court then denied the motion to appear, stating only, "Before the Court will permit Mr. Negri and Mr. Guarino to practice before this Court, the Court requires a showing that the Nevada admitted Assistant United States Attorneys in [the District of Nevada] are incapable of handling this matter." *Id.* The Court provided no other rationale for denying the motion to appear.

**LEGAL BACKGROUND**

The organic statutes establishing the roles and responsibilities of the U.S. Department of Justice provide in relevant part that "the conduct of litigation in which the United States, an agency, or officer thereof is a party . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. In exercising this authority, the Attorney General "may personally conduct and argue any case in a court of the United States in which the United States is interested, or he may direct the Solicitor General or any officer of the Department of Justice to do so." *Id.* § 518(b). *See also id.* § 517 ("The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . . ."). The Attorney General is also authorized by statute to delegate any of his functions to other officers or employees of the Department of Justice. *See id.* § 510.

The Attorney General has exercised these statutory authorities by directing the Assistant Attorney General ("AAG") for ENRD to conduct "[c]ivil suits and matters in Federal and State courts" that relate to the public domain lands and other lands and interests "owned, leased, or otherwise claimed or controlled, or allegedly impaired or taken, by the United States," including water and air resources, and to "represent the interests of the United States in all civil litigation . . . pertaining to

Indians, Indian Tribes, and Indian affairs." 28 C.F.R. § 0.65(a), (b). In the course of carrying out these duties, the AAG is authorized to assign Department of Justice attorneys to conduct "any legal proceeding, civil or criminal . . . which United States attorneys are authorized by law to conduct, whether or not the designated attorney is a resident of the district in which the proceedings is brought." *Id.* § 0.13(a); *see also* 28 U.S.C. § 515(a) (providing that the Attorney General may send a government attorney to "conduct any kind of legal proceeding . . . whether or not he is a resident of the district in which the proceeding is brought").

## ARGUMENT

District courts have inherent authority to reconsider, rescind, or modify an interlocutory order as long as the court retains jurisdiction over the case. *See City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). A motion for reconsideration is appropriate when a district court (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In this case, the Order denying appearance should be reconsidered because it amounts to clear legal error.

As a threshold matter, the Order must be reconsidered because the Court failed to articulate its reasons for denying the motion to appear.[3] A court denying an application to appear "must articulate his reasons, for the benefit of the defendant and the reviewing court. '[M]echanistic application of rules limiting such appearances is improper.'" *United States v. Ries*, 100 F.3d 1469, 1472 (9th Cir.

---

[3] Aside from the one sentence in the Order, the Court stated at the July 25, 2013, hearing that it is "developing a policy" of disallowing the appearance of attorneys based in Washington, D.C. July 25, 2013, transcript at 6. However, even if this were a permissible policy for the Court – which it would not be – the policy would not justify denying the United States' underlying motion. As noted above, Mr. Guarino is based in Denver, Colorado, Mr. Negri in Boise, Idaho, and the Court stated at the same hearing that it "will in fact grant the motion of the local U.S. Attorney to allow [them] to appear."

6

1996) (citation omitted) (criminal proceeding); *accord Mateo v. Empire Gas Co., Inc.*, 841 F.Supp.2d 574, 578-79 (D.P.R. 2012) (civil proceeding).

The Court made no findings concerning any bases for eligibility under the Local Rules. The Court instead simply noted that the local rule providing for the appearance of federal, non-resident attorneys is prefaced by the words "*[u]nless otherwise ordered by the Court*." Order at 1-2 (emphasis in original) (quoting LR 1A 10-3). The fact that the rule reserves some discretion to district judges in determining whether to grant or deny a motion to appear, however, does not absolve the Court from articulating the basis for its decision. Accordingly, the absence of any explanation for the Court's decision in this case was clear error and reconsideration of the Order is merited on that basis alone.

At its core, the Court's denial of the motion and its stated preference for local Assistant U.S. Attorneys improperly infringes on the Attorney General's broad grant of authority under 28 U.S.C. §§ 515-518. As noted above, the Attorney General has broad statutory authority to send any officer of the Department of Justice (or such officer's designee) to conduct and argue any case in which the United States has an interest in any court of the United States. *See* 28 U.S.C. §§ 517, 518(b). Of particular relevance here, this authority is not constrained by the residency of the attorney in question. To the contrary, 28 U.S.C. § 515 makes clear that an attorney may practice in a district court under the direction of the Attorney General "whether or not he is a resident of the district in which the proceeding is brought." *Id.* § 515(a). Pursuant to this statutory authority, the Attorney General has assigned litigation involving disputes over Federal lands and interests or pertaining to Indians and Indian tribes to the AAG for ENRD. *See* 28 C.F.R. § 0.65. The AAG, in turn, has delegated that responsibility to the attorneys under his management in ENRD – in this case, Mr. Guarino and Mr. Negri. By denying the motion for their appearance, the Court incorrectly infringed on the Attorney General's statutory authority to determine to whom litigation under his supervision will be assigned.

The Court's Order is also in conflict with 28 U.S.C. § 516, which provides that the conduct of litigation involving the United States or its agencies "is reserved to officers of the Department of Justice, under the direction of the Attorney General." Here again, the Attorney General has exercised his authority by delegating the management of environmental and natural resource cases to ENRD. *See* 28 C.F.R. § 0.65. The Department's decision to staff this case with ENRD attorneys – and its implied conclusion that the United States would benefit from ENRD's specialized expertise in natural resource litigation – is precisely the kind of "conduct of litigation" that Congress has "reserved to officers of the Department of Justice." *See* 28 U.S.C. § 516. Thus, for example, the Ninth Circuit has recognized that attorneys from the Department of Justice's Tax Division, rather than the U.S. Attorney's Office, may represent the United States in litigation challenging the validity of tax liens. *See Huff v. United States*, 10 F.3d 1440, 1443-44 (9th Cir. 1993); *see also United States v Hall*, 145 F.2d 781, 785 (9th Cir. 1944) (granting writ of mandamus to compel a district court judge to allow a Justice Department Lands Division attorney to litigate cases in federal district court on behalf of the United States without the United States Attorney serving as co-counsel). By creating its own standard for determining when an ENRD attorney may represent the United States in litigation – *viz.*, only when the U.S. Attorney's Office is "incapable of handling the matter" – the Court improperly infringed on the Attorney General's authority over the "conduct of litigation" involving a federal agency.

Finally, 28 C.F.R. § 0.13 authorizes the AAG for ENRD to designate Department of Justice attorneys to conduct "*any legal proceeding . . . which United States attorneys are authorized by law to conduct*, whether or not the designated attorney is a resident of the district in which the proceedings is brought." 28 C.F.R. § 0.13(a) (emphasis added). As the Ninth Circuit has recognized, "[t]hese provisions allow the Attorney General to give authority otherwise restricted to United States Attorneys to certain other attorneys, considerably expanding who may undertake those tasks." *United States v.*

8

*Weyhrauch*, 544 F.3d 969, 974 (9th Cir. 2008). The Court's decision to deny the appearance of ENRD attorneys absent "a showing that the Nevada admitted Assistant United States Attorneys . . . are incapable of handling this matter," Order at 2, cannot be reconciled with 28 C.F.R. § 0.13(a), and improperly infringes on the Attorney General's discretion to assign litigation to attorneys within the Department of Justice as he sees fit.

In sum, the Attorney General and his designees have broad authority under 28 U.S.C. §§ 515-518 to staff litigation involving the United States and its agencies, and the Attorney General's designees have exercised that authority in this case by assigning Mr. Guarino and Mr. Negri to represent the United States. Nothing in this Court's Order provides a basis for overriding the Attorney General's and his designees' exercise of statutory authority. Accordingly, and for all of the foregoing reasons, the United States respectfully requests that the Court reconsider its Order, and that it grant the United States' underlying motion for admission or otherwise allow Mr. Guarino and Mr. Negri to appear as counsel for the United States.

**CONCLUSION**

For the foregoing reasons, the United States respectfully moves the Court to reconsider the Order, and to grant the United States' underlying motion for admission or otherwise admit Mr. Guarino and Mr. Negri as counsel for the United States.

DATED: January 29, 2014.

                                              DANIEL G. BOGDEN
                                              United States Attorney

                                              /s/ Greg Addington
                                              GREG ADDINGTON
                                              Assistant United States Attorney

ORDER

IT IS SO ORDERED this 2nd day of June, 2014.

_____
ROBERT C. JONES