1  GORDON H. DePAOLI,
   Nevada State Bar No. 00195
2  DALE E. FERGUSON
   Nevada State Bar No. 04986
3  DOMENICO R. DePAOLI
   Nevada State Bar No. 11553
4  WOODBURN AND WEDGE
5  6100 Neil Road, Suite 500
   Reno, Nevada 89511
6  Telephone:  775-688-3000
   Email:  gdepaoli@woodburnandwedge.com
7

8  *Attorneys for Walker River Irrigation District*

9

          **IN THE UNITED STATES DISTRICT COURT**
10              **FOR THE DISTRICT OF NEVADA**

11

12  UNITED STATES OF AMERICA,              )    3:73-cv-00127-MMD-CSD
                                           )
13         Plaintiff,                      )
                                           )
14  WALKER RIVER PAIUTE TRIBE,             )    **STIPULATION AND ORDER**
                                           )    **STAYING THE ORDER**
15         Plaintiff-Intervenor,           )    **REGARDING DISCOVERY AND**
                                           )    **MOTION SCHEDULE**
16                                         )
           v.                              )
17                                         )
18  WALKER RIVER IRRIGATION DISTRICT,      )
    a corporation, et al.,                 )
19                                         )
           Defendants.                     )
20  _____    )

21

22         1.     On March 16, 2020, the Court entered the Order Regarding Discovery and Motion

23  Schedule and Procedure (the "Scheduling Order"). ECF No. 2611. The Scheduling Order was

24  amended by stipulation on December 28, 2020 due to circumstances related to the COVID-19

25  Pandemic. *See* ECF No. 2648. The Scheduling Order was amended again by stipulation on

26  September 15, 2021 due to the same ongoing Pandemic-related circumstances. *See* ECF No. 2676.

27  As amended, the existing schedule by which the parties are engaged in litigation activities is

28  ongoing with some deadlines established and imminent and some deadlines still indefinite.

                                          1

2.     The Scheduling Order contemplates at paragraphs 14 and 16 that the Plaintiffs and Principal Defendants (the "Parties") may ask the Court for relief from the deadlines and obligations contemplated under the Scheduling Order.

3.     The Parties believe that current, unique circumstances exist that justify a 90-day stay of the deadlines and obligations contemplated under the Scheduling Order.

4.     Beginning in late 2021, undersigned counsel for the Walker River Irrigation District, (the "District"), the United States and the Walker River Paiute Tribe have actively engaged in substantive discussions centered on resolving the outstanding water right claims of the Walker River Paiute Tribe (the "Tribe") by settlement and agreement among them.

5.     In order to confirm that resolution of the Tribe's outstanding water right claims might be possible, the District, the United States and the Tribe have engaged in discussions concerning the parameters of a possible settlement with their decision-makers.

6.     In addition to discussions with its decision-makers, counsel for the District engaged in discussions concerning the parameters of a possible settlement with representatives of the Nevada Division of Water Resources and the Nevada Department of Wildlife and those representatives have also held internal discussions on the parameters of a possible settlement.

7.     Those meetings and discussions have resulted in the development of a comprehensive list of principles that would both resolve the Tribe's water right claims and the challenges to those claims.

8.     Undersigned counsel for the United States, Tribe, District and Nevada Department of Wildlife met most recently on June 16, 2022 and have agreed (among counsel and in principle) to the broader parameters of settlement and agreement that could likely be the basis for resolving the Tribe's outstanding water right claims. Undersigned counsel have agreed to further develop these principles into a final settlement and agreement that they will present to their respective clients/government superiors for approval.

9.     The Parties believe that after many years of active litigation, resolution of the Tribe's outstanding water right claims is real and possible. With one limited exception, the Parties

believe, rather than engaging in active, expensive litigation activities, that their collective efforts and resources are better spent at this time focused exclusively on accomplishing resolution of the Tribe's outstanding water right claims through settlement and agreement.  The limited exception relates to the continuation of the work of the District's Historical expert which work has been delayed by closure and/or limited access to Archive/Records Offices.  Rather than stopping that work now, and then requiring it to start again, if the settlement efforts are ultimately unsuccessful, the District believes that it will be more efficient to continue that work while these settlement discussions continue, at least during the initial 90 day stay period described below.  This exception can be reviewed at that time.

10.    For these reasons, the Parties jointly request that the Court stay the remaining deadlines of its Scheduling Order for 90 days. During that time, the Parties will work to draft necessary documents and secure necessary settlement approval. Within seven (7) days before the expiration of the stay, the Parties will either: a) inform the Court that documents supporting a settlement will be presented to the Court within the 90-day stay period; b) seek an extension to the stay and detail the remaining tasks needed to secure settlement approval; or c) inform the Court that efforts to resolve the Tribe's outstanding water right claims by settlement have failed.  In the event settlement fails, the Parties will present a joint schedule that resumes the schedule already developed to litigate this matter to conclusion as needed.

11.    The Parties to this action include the federal government, the Walker River Paiute Tribe, Nevada and California entities, and a very large irrigation district. Securing final party approval for these entities to enter into any settlement will require extensive internal consultation and the approval of numerous individuals. Though this process will likely take some time to complete, undersigned counsel will make every effort to advance this effort as quickly as possible and believe that the 90-day stay being sought herein will be sufficient to advance this matter toward a final resolution. Moving forward, unless otherwise ordered by the Court, the Parties will seek only 90-day stays, as needed, to accomplish settlement. The Parties are, therefore, seeking a

1   90-day stay of the deadlines and obligations contemplated under the Scheduling Order in good

2   faith and not for any dilatory purpose.

3          NOW, THEREFORE, pursuant to paragraphs 14 and 16 of the Scheduling Order,

4   the parties hereby stipulate and agree as follows:

5          1.     The Scheduling Order and obligations outlined therein should be stayed for 90 days

6   to give the Parties the opportunity to resolve the Tribe's outstanding water right claims by

7   agreement.

8          2.     Within seven (7) days before the expiration of any stay granted the Parties will

9   inform the Court either that additional time is needed to achieve a settlement agreement or that

10  settlement will not be possible. In either case, the Parties will seek additional relief from the Court

11  accordingly as needed and as contemplated by paragraphs 14 and 16 of the Scheduling Order.

12         Dated:  June 23, 2022.

13  WOODBURN AND WEDGE                    U.S. DEPARTMENT OF JUSTICE

14
    By:  ___/ s / Gordon H. DePaoli___
15         Gordon H. DePaoli                 By:  ___/ s / Guss Guarino___
           Nevada Bar No. 195                      (per authorization)
16  6100 Neil Road, Suite 500                      Guss Guarino, Trial Attorney
    Reno, Nevada 89511                             Tyler J. Eastman, Trial Attorney
17  *Attorneys for Walker River Irrigation*        Marisa J. Hazell, Trial Attorney
    *District*                            Environment and Natural Resources Div.
18                                         999 18th Street, Suite 370
                                           Denver, Colorado 80202
19
    LAW OFFICES OF WES WILLIAMS, JR.,
20  P.C.                                   David L. Negri
                                           Trial Attorney, Natural Resources Section
21  By:  ___/ s / Wes Williams, Jr.___     c/o U.S. Attorney's Office
           (per authorization)             800 Park Boulevard, Suite 600
22         Wes Williams, Jr., NSB 6864     Boise, Idaho 83712
23  3119 Lake Pasture Rd.                  *Attorneys for United States of America*
    P.O. Box 100
24  Schurz, Nevada 89427

25  MEYER, WALKER & WALKER, P.C.           BEST BEST & KRIEGER
26
    By:  ___/ s / Alice E. Walker___       By:  ___/ s / Roderick E. Walston___
27         (per authorization)                    (per authorization)
           Alice E. Walker                        Roderick E. Walston
28

                                        4

1007 Pearl Street, Suite 220
Boulder, Colorado 80302
*Attorneys for Walker River Paiute Tribe*

2001 N. Main Street, Suite 390
Walnut Creek, California 94596
*Attorney for Centennial Livestock and Lyon County*

OFFICE OF THE ATTORNEY GENERAL
OF CALIFORNIA

By:   / s / Nhu Q. Nguyen
       (per authorization)
       Nhu Q. Nguyen, NSB 7844
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, California 94244-2550
*Attorneys for California State Agencies*

STATE OF NEVADA OFFICE OF THE
ATTORNEY GENERAL

By:   / s / Anthony J. Walsh
       (per authorization)
       Anthony J. Walsh, NSB 14128
Deputy Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4717
*Attorneys for Nevada Department of Wildlife*

Jerry Snyder, NSB 6830
429 W. Plumb Lane
Reno, Nevada 89509
*Attorney for Lyon County*

THE COUNTY OF MONO (CA)


By:   / s / Stacey Simon
       (per authorization)
       Stacey Simon, County Counsel
       Emily Fox, Dep. County Counsel
P.O. Box 2415A
Mammoth Lakes, California 93546-2415
*Attorneys for Mono County*


SIMONS HALL JOHNSTON PC

By:   / s / Brad M. Johnston
       (per authorization)
       Brad M. Johnston, NSB 8515
22 State Route 208
Yerington, Nevada 89447
*Attorneys for Desert Pearl Farms, Peri Family Ranch, LLC, Peri & Peri LLC, and Frade Ranches*

## ORDER

Dated:  June 24       , 2022.        IT IS SO ORDERED.

_____
United States Magistrate Judge

5