IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATE OF AMERICA, <br><br> Plaintiff, <br><br> WALKER RIVER PAIUTE TRIBE, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> WALKER RIVER IRRIGATION DISTRICT, a corporation, et al. <br><br> Defendants. | In Equity No. C-125 <br> 3:73-cv-00127-MMD-CSD <br><br> **ORDER MODIFYING THE WALKER RIVER DECREE DATED APRIL 14, 1936 AND AMENDED APRIL 24, 1940** |

The Court has considered the JOINT MOTION TO ENTER PROPOSED ORDER MODIFYING THE WALKER RIVER DECREE PURSUANT TO STIPULATION filed herein by the United States of America ("United States"), the Walker River Paiute Tribe ("Tribe"), the Walker River Irrigation District ("District") and the Nevada Department of Wildlife ("NDOW") (collectively "Moving Parties"), all evidence in support thereof and all Responses thereto. The Moving Parties have agreed to and submitted a stipulation ("Stipulation") by which the water right claims of the Tribe and the United States acting on behalf of the Tribe are resolved. The Stipulation is attached to the Joint Motion.

The Court finds and concludes that the Moving Parties, through the Stipulation, have established that its provisions are fair, adequate, reasonable and appropriate under the particular facts and that to the extent that its provisions relate to rights to water held by third parties who have not expressly consented to it, it does not affect such rights to water.

NOW, THEREFORE, and good cause having been shown, the Joint Motion is GRANTED, and it is hereby ORDERED, ADJUDGED and DECREED as follows:

//

1.      Paragraph I of the Decree dated April 14, 1936 and as Amended April 24, 1940, (the "Walker River Decree as Amended") entitled "Rights of the United States of America" is hereby amended by adding thereto the following paragraphs:

    A.      **Weber Reservoir Conservation Storage Water Right.** The United States of America, as Trustee for the Tribe, is adjudged and decreed to be the owner of the right to surface water of the Walker River with a priority date of April 15, 1936 for storage in the Weber Reservoir to its capacity of 13,000 acre feet whenever the surface water available at Weber Reservoir exceeds that required to meet the right of the United States of America recognized by the Walker River Decree as Amended ("Tribe's Senior Surface Water Right") and any water right recognized by the Walker River Decree as Amended which has been changed in the manner provided by law to be used for instream flow to Walker Lake. The United States and Tribe hold the right to operate Weber Reservoir for purposes of regulating the Tribe's Senior Surface Water Right and other available surface water stored under this Weber Reservoir Conservation Storage Water Right. The water stored in Weber Reservoir may be used for any purpose on the Walker River Indian Reservation ("Reservation"), including but not limited to domestic, municipal, commercial, industrial, livestock, and irrigation purposes. The Reservation as it presently exists is shown on Exhibit A attached hereto and by this reference made a part hereof.

    B.      **Administration of Weber Conservation Storage Right.** The Weber Reservoir Conservation Storage Water Right, recognized in paragraph 1.A above, may not be enforced by priority in any forum against any surface water right with a point of diversion or point of non-diversion upstream of the Wabuska Gage and which is recognized in the Walker River Decree as Amended, or is recognized by a permit issued by the Nevada State Engineer, or the California State Water Resources Control Board and with a priority date prior to July 1, 2024.

    The Weber Reservoir Conservation Storage Water Right may not be enforced by priority administration in any forum against any groundwater right with a point of diversion upstream of the Reservation and which is the subject of a permit issued by the

Nevada State Engineer and with a priority date prior to July 1, 2024, or which was established under California law prior to July 1, 2024. Provided, however, that this enforcement limitation by priority with respect to such surface water rights and such groundwater rights shall not limit the ability of the United States and Tribe to protect the Weber Reservoir Conservation Storage Water Right from being adversely affected from non-compliance with any other parameter of such surface and groundwater rights, including their point of diversion, place of use, manner of use, season of use, flow rate and water duty.

    **C.** **Groundwater Rights.** The United States of America, as Trustee for the Walker River Paiute Tribe, is adjudged and decreed to be the owner of the right to use up to:

        1. 641 acre feet annually of groundwater underlying the Reservation with a priority date of November 29, 1859 for domestic, commercial, municipal and industrial purposes on the Reservation;

        2. 36.3 acre feet annually of groundwater underlying the Reservation with a priority date of November 29, 1859 for watering livestock;

        3. 5,649 acre-feet annually of groundwater underlying the Reservation with a priority date of November 29, 1859 for irrigation of 939 acres on the Reservation identified in Exhibit B attached hereto and by this reference made a part hereof, when water available under the Weber Reservoir Conservation Storage Water Right is insufficient;

        4. 1,799 acre feet annually of groundwater underlying the Reservation with a priority date of November 29, 1859 for irrigation of 299 acres on the Reservation identified in Exhibit B; and

        5. 5,953 acre feet annually of groundwater underlying the Reservation with a priority date of September 25, 1936 for irrigation of 1,500 acres of land added to the Reservation in 1936.

    **D.** **Administration of Groundwater Rights.** The Groundwater Rights underlying the Reservation which have been determined in paragraph 1.C above may not be enforced by priority administration in any forum against any surface or groundwater right. Provided,

however, that this enforcement limitation by priority with respect to surface water rights and groundwater rights shall not limit the ability of the United States and Tribe to protect those groundwater rights from being adversely affected from non-compliance with any other parameter of such surface and groundwater rights, including their point of diversion, place of use, manner of use, season of use, flow rate and water duty.

Neither the action resulting in the Walker River Decree as entered in 1936 and amended in 1940, nor the proceedings since, has involved a comprehensive adjudication of rights to groundwater in the Walker River Basin. If in the future such an adjudication is undertaken in a forum with jurisdiction over the United States and Tribe, the rights to groundwater recognized and determined in paragraph 1.C of this Order, shall be recognized and established as provided therein for all purposes and may be administered by the forum which undertakes the adjudication, subject to the enforcement limitations set forth in paragraph 1.D.1 of this Order. Until such a comprehensive adjudication takes place and is final, the administration, if any, of the groundwater rights recognized and determined in paragraph 1.C above shall be by this Court directly and not by this Court's appointed Watermaster.

E.    **Livestock Water Rights.**  The United States of America, as Trustee for the Tribe, is adjudged and decreed to be the owner of the right to use up to 13.0 acre feet annually of groundwater and/or spring water underlying the Reservation for watering livestock on the lands added to the Reservation on March 15, 1918; January 6, 1928; September 25, 1936; and June 19, 1972 (the specific priority dates for these rights shall be based on the date the land on which the water source is located was added to the Reservation, i.e. 1918, 1928, 1936, or 1972.

The water rights for watering livestock which have been determined in this paragraph *i.e*, may be enforced by the Tribe or the United States in an appropriate forum by priority administration against water rights within the Nevada hydrologic basin in which the Reservation is located, Nevada Hydrologic Basin 110 (A) and 110 (B).

  **F.** **Federal Reserved Rights.**  The water rights recognized in paragraphs 1.A, 1.C and 1.E of this Order are federal reserved rights, implied and created under federal law, which are not subject to abandonment or loss, and are held in trust by the United States for the Tribe; as such, either the Tribe and/or the United States may take action to administer, protect, or enforce these rights.

2. This Order does not affect, alter, or amend any water right adjudicated in the Walker River Decree as Amended, including, but not limited to, the Tribe's Senior Surface Water Right recognized therein, or the ability of any water right owner, including but not limited to, the Tribe or the United States, to seek administration of the Walker River Decree as Amended to enforce any water right to the surface water of the Walker River, including but not limited to, the Tribe's Senior Surface Water Right, recognized therein.

3. Paragraph XII of the Walker River Decree as Amended, is amended by adding thereto the following paragraph:

  The Weber Reservoir Conservation Storage Water Right and the Groundwater Rights underlying the Reservation recognized in this Order, along with the Tribe's Senior Surface Water Right constitute all of the claims to water for the Reservation as it presently exists that might be asserted under the jurisdiction reserved by the Court in the Walker River Decree as Amended. The United States and Tribe have had the opportunity to assert and have asserted all claims to water for the Reservation under federal law as the Reservation presently exists. Provided, however, that the determination of the Water for Livestock Water Rights shall not prevent the United States and Tribe from seeking additional rights to water livestock pursuant to applicable state law, or pursuant to federal law for lands added to the Reservation after July 1, 2024. The Reservation as it exists as of July 1, 2024 is shown in Exhibit A attached hereto and made a part of hereof. Provided, further, that nothing herein affects potential claims to water rights by the United States or Tribe for any land authorized to be added to the Reservation by Section 2988 of the National Defense Authorization Act for Fiscal Year 2023, Pub.L. No. 117-263, 136 Stat. 2395 which land may or may not have been added to the Reservation as of July 1, 2024. This Paragraph is not, and it shall not be construed as, a

determination that claims for additional water not barred by it will be or will not be within the reserved jurisdiction of Paragraph XIV of the Walker River Decree as Amended.

IT IS SO ORDERED.

DATED: November 4, 2024

_____
MIRANDA DU
UNITED STATES DISTRICT JUDGE

TABLE OF EXHIBITS

| | | |
|---|---|---|
| Exhibit A | Map of Reservation as it exists as of July 1, 2024 | 1 Page |
| Exhibit B | Map Showing Primary and Secondary Groundwater Right Areas | 1 Page |

# EXHIBIT A
**MAP OF RESERVATION AS OF JULY 1, 2024**

# EXHIBIT A
**MAP OF RESERVATION AS OF JULY 1, 2024**

**EXHIBIT A**



Figure 8
Current Walker River Indian Reservation
Land Status Map - 6/18/2020

# EXHIBIT B
## MAP SHOWING PRIMARY AND SECONDARY GROUNDWATER RIGHT AREAS

# EXHIBIT B
## MAP SHOWING PRIMARY AND SECONDARY GROUNDWATER RIGHT AREAS

**EXHIBIT B**

